UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  ___24-MJ-8210-WM___

UNITED STATES OF AMERICA,

v.

KEVIN MARCELIN,

Defendant.

FILED BY_____SW_____D.C.

May 2, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

_____/

## CRIMINAL COVER SHEET

1.  Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)?  **No.**

2.  Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)?  **No.**

3.  Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023?  **No.**

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: _____
Anthony W. Lacosta
Assistant United States Attorney
Court No. A5500698
500 S. Australian Avenue
West Palm Beach, FL   33401
Ph:   561 209 1015
Email:   Anthony.Lacosta@usdoj.gov

AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Florida

FILED BY _____ SW _____ D.C.

**May 2, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | )    Case No.    24-MJ-8210-WM |
| Kevin Marcelin | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | |

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of _____ May 1, 2024 _____ in the county of _____ Palm Beach _____ in the
____ Southern ____ District of _____ Florida _____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1); | Felon in possession of a firearm |
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); | Possession of a controlled substance with intent to distribute (methamphetamine) |
| 18 U.S.C. § 924(c)(1)(A) | Possession of a firearm in furtherance of a drug trafficking crime |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Daniel Szczepanski, Special Agent FBI
*Printed name and title*

Attested to by the Applicant in accordance with the requirements of Fed.R.Crim.P. 4.1 by ___Telephone (Facetime)___

Date: _____ 05/02/2024 _____

_____
*Judge's signature*

City and state: _____ West Palm Beach, Florida _____ Honorable William Matthewman, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF
## A CRIMINAL COMPLAINT

I, Daniel J. Szczepanski, being first duly sworn, hereby depose and state as follows:

### Affiant Background

1.       I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and I have been so employed since January 2006.  I am currently assigned to PB-2, the Violent Crimes and Major Offender Squad of the Palm Beach County Resident Agency, which investigates bank robberies, narcotics trafficking, fugitives, firearms offenses, and other violent crimes.  Prior to joining PB-2, I was assigned to the financial crime squad of the FBI's Palm Beach County Resident Agency for 10 years.  Based on my experience as a federal law enforcement officer, I have also conducted criminal investigations involving or relating to sophisticated financial schemes, including identity theft, wire fraud, mail fraud, bank fraud, money laundering, and access device fraud.

2.       Pursuant to 18 U.S.C. § 3052, I am authorized to apply for and execute search warrants and arrest warrants for offenses enumerated in Titles 18 and 21 of the United States Code.  I have participated in and directed numerous investigations involving violent crime, trafficking in controlled substances, firearms offenses, identity theft, wire fraud, mail fraud, bank fraud, and various types of fraud committed using stolen identities.  As a result of my training and experience, I am familiar with the tactics, methods, and techniques of committing those crimes.

### Purpose of this Affidavit

3.       The purpose of this affidavit is to lay out sufficient facts to establish probable

cause for the arrest of KEVIN MARCELIN by criminal complaint for violations of Title 18, United States Code, Section 922(g)(1) – Felon in Possession of a Firearm, and Title 21, United States Code, Section 841(a)(1) – Possession with intent to distribute a controlled substance, and Title 18, United States Code, Section 924(c)(1)(A) – Possession of a Firearm In Furtherance of a Drug Trafficking Crime. This affidavit is based upon my own personal knowledge of the facts and circumstances surrounding the investigation and information provided to me by other law enforcement officers. I have not included in this affidavit each and every fact known to me about the matters set forth herein, but only those facts and circumstances that I believe are sufficient to establish probable cause for the charges in the criminal complaint.

### Facts Related to the Offense(s)

4.     On April 30, 2024, law enforcement personnel obtained a search warrant issued out of the Fifteenth Judicial Circuit for Palm Beach County to collect DNA from MARCELIN.

5.     On May 1, 2024, law enforcement conducted surveillance on a residence that MARCELIN was known to frequent in order to execute the DNA search warrant. Based on the background investigation, stationary and aerial surveillance was established at 715 7th Street, Apt 14 in the city of West Palm Beach at approximately 1100 hours. At approximately 1400 hours, MARCELIN was observed exiting apartment number 14. Law enforcement maintained mobile and aerial surveillance as MARCELIN walked to 820 Sapodilla Avenue.

6.     Shortly thereafter, law enforcement agents made contact with MARCELIN,

2

who was standing outside.   MARCELIN complied with commands and was detained without incident. As law enforcement agents were taking MARCELIN into custody to execute the search warrant, MARCELIN said that he had a gun in his possession.   Law enforcement agents then located a firearm in his medical sling that MARCELIN was wearing on his left arm. The firearm was wedged between his inner left elbow and his torso. The firearm was recovered by law enforcement, who were wearing fresh latex gloves and placed it into an evidence bag. A further search of MARCELIN's person revealed he was in possession of approximately 5 grams of marijuana and approximately 3.9 grams of a pink rock like substance.   The pink rock like substance was individually packaged for sale into 13 small plastic ziplock bags, which in turn were in a larger plastic bag, located in his right front pocket.

7.      Further review of the firearm revealed that it was a Glock 42, subcompact, 380-caliber, bearing serial number AFTV115. The firearm had a black slide and black grip, with a round of ammunition in the chamber.  Additional rounds of ammunition were in the firearm's magazine.  A computer check revealed that the firearm had been reported stolen in 2022, which was documented under PBSO case 22-070222.

8.      The suspected marijuana later yielded a positive result for the presence of THC with a Duquenios – Levine Reagent field test kit. The pink rock like substance later yielded a positive result for the presence of methamphetamine.

9.      Record checks of the Medical Marijuana Use Registry website revealed that MARCELIN is not registered as having been diagnosed with a condition that warrants the use of marijuana by a qualified ordering physician as required under Florida law.  Thus,

3

MARCELIN is not authorized to possess low THC Cannabis, medical marijuana, or delivery services.

10.     MARCELIN's NCIC report states that he has nine (9) felony charges and three (3) felony convictions. MARCELIN's most recent state conviction stemmed from a guilty plea for felon in possession of a firearm and was adjudicated guilty on 02/15/2023. This case was documented under Palm Beach County Court case number 502021CF005449AXXMB. MARCELIN was sentenced to a year and a day in the Florida Department of Corrections and was released September of 2023.

11.     An ATF firearm interstate nexus expert has informed your affiant that the Glock firearm was manufactured – in whole or in part – outside the State of Florida. Because the firearm was recovered in Palm Beach County, the firearm has traveled across state lines.

12.     During a post-*Miranda* interview, MARCELIN admitted to being a felon and prohibited from possessing firearms. MARCELIN stated that he was released from the Florida Department of Corrections in September 2023, which stemmed from a prior felon in possession case. On May 1, 2024, when law enforcement initially made contact with MARCELIN, he reiterated that he told law enforcement that he was in possession of a firearm and that it was located in the medical sling for his left arm.

13.     MARCELIN also admitted possessing the drugs but claimed they were for personal use. The amount of methamphetamine and the way it was packaged on MARCELIN's person is more consistent with distribution, rather than personal use, which

4

is based on your affiant's training and experience. Also, after MARCELIN's arrest, local law enforcement obtained a search warrant for the residence MARCELIN was seen leaving earlier, as described above. That search resulted in the recovery of a clear plastic bag containing 23.8 grams of pink rock like substances that field tested positive for methamphetamines and fentanyl. Post-*Miranda*, MARCELIN admitted to local law enforcement that these drugs also belonged to him. This weight of the methamphetamine is also consistent with distribution, rather than personal use.[1]

14.     Based on the foregoing, I respectfully submit that there is probable cause to believe that on or about May 1, 2024, in Palm Beach County, the defendant, KEVIN MARCELIN,  has violated 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A), and 21 U.S.C. § 841(a)(1) and (b)(1)(C).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

*Daniel J. Szczepanski*
_____
Daniel J. Szczepanski
Special Agent
Federal Bureau of Investigation

Sworn and Attested to before me by Applicant by Telephone (Facetime) pursuant to Fed. R. Crim. P. 4(d) and 4.1 this __2nd__ day of May, 2024.

*William Matthewman*
_____
WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

_____

[1] Another known female lives in the residence and some additional white rock like substance was found in a pile of female clothing.

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name:** _____ Kevin Marcelin _____

**Case No:** _____ 24-MJ-8210-WM _____

Count #: 1

_____ Possession of a firearm while a convicted felon _____

_____ 18 U.S.C. § 922(g)(1) _____
* **Max. Term of Imprisonment:   15 years imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):   N/A**
* **Max. Supervised Release:  3 years**
* **Max. Fine:**          **$250,000**

Count #: 2

_____ Possession of a controlled substance with Intent to Distribute _____

_____ 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(C) _____
* **Max. Term of Imprisonment:   20 years imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):   N/A**
* **Max. Supervised Release:   3 years supervised release to life on supervised release**
* **Max. Fine: $1,000,000**

Count #:  3

_____ Possession of a firearm in furtherance of a drug trafficking crime _____

_____ 18 U.S.C. § 924(c)(1)(A) _____
* **Max. Term of Imprisonment:   Life imprisonment**
* **Mandatory Min. Term of Imprisonment (if applicable):   5 years consecutive**
* **Max. Supervised Release:  5 years**
* **Max. Fine:   $250,000**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**